## BALCH v. JAYCOX.

DEEDS—MISDESCRIPTION—REFORMATION—EXECUTION.

Where a husband attempts to convey land to his wife without consideration, believing she would thereby be enabled to qualify as surety upon his liquor bond, and the conveyance fails on account of a misdescription, an execution against him, levied on the land sought to be conveyed, will stand, although the wife seeks in equity to reform the deed.

Appeal from Alcona; Simpson, J. Submitted January 3, 1900. Decided January 23, 1900.

Bill by Theresa Balch against James A. Jaycox, George G. Jaycox, and George W. Balch to restrain an execution sale and to reform a deed. From a decree for complainant, defendants Jaycox appeal. Reversed.

*Main J. Connine,* for complainant.

*O. H. Smith* ( *R. J. Kelley,* of counsel ), for appellants.

HOOKER, J. The *locus in quo* is a piece of land in the village of Harrisville, 4 by 24 rods in size. In 1881 it was owned by Balch. He also owned and resided upon another parcel, known as "Lot 8." On June 29, 1881, Balch·made a deed to his wife, upon a recited consideration of "one dollar and other good and valuable considerations." It described lot 8, and a parcel 4 by 24 rods in size, adjoining the premises in dispute upon the south. There was no intention to convey the second parcel described, which Balch did not own, and it was included through a mistake in an attempted description of the parcel north of it, which, as stated, Balch did own. This deed was made for the sole purpose of enabling the wife to become his surety upon a liquor dealer's bond which he then contemplated giving, and afterwards did give, and which the wife signed as surety. Whether it was accepted or not does not appear. Balch became indebted to the defendants Jaycox in 1886, and they obtained a judgment against him in February, 1888. They took an execution, and attempted to have it levied upon the land of Balch, but the same mistake was made in the description that was made in the deed. In 1894 a bill in aid of execution was filed, and issue was joined. Upon the hearing the mistake was discovered, and then the defendants Jaycox dismissed their bill, took a new execution, and caused it to be levied, by a correct description, upon the premises upon which they had previously attempted to obtain a levy. Thereupon Mrs. Balch filed the·bill in this cause to restrain the sale and correct the deed. The defendants Jaycox appeal from a decree in favor of Mrs. Balch.

It is contended by counsel for the defendants that the conveyance was without consideration, and therefore voluntary, and that, while it was valid, and passed the title to lot 8, which was correctly described, it gave Mrs. Balch no legal claim to the parcel misdescribed; as to that, the attempted conveyance failed through the misdescription; and that Mrs. Balch has no equitable interest in the parcel. The evidence fails to show that a gift was intended, or that any contract was made in relation to the giving of the bond. The conveyance was attempted merely to make Mrs. Balch eligible as a surety, not as a consideration to support a promise to become a surety. Apparently, she was willing to sign said bond without compensation,— an idle ceremony, by the way, as such a bond could not bind her. It was therefore subject to levy as the property of the husband.

The decree is reversed, and the bill dismissed, with costs of both courts.

The other Justices concurred.